# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY ROBERT CHRISTENSEN, | CASE NO. 1:10-cv-00896-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| GOV. ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

Plaintiff Jeremy Robert Christensen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. At the time of the events described in his complaint, Plaintiff was in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and incarcerated at Avenal State Prison in Avenal, California ("ASP"). Plaintiff names Arnold Schwarzenegger (governor of California), Matthew Cates (head of CDCR), James D. Hartley (warden of ASP), Arline (captain), and S. Garcia (senior hearing officer) as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court will dismiss Plaintiff's complaint, with leave to file an amended complaint which cures the deficiencies identified in this order.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Background**

Plaintiff claims that he was a victim of sexual assault and harassment while incarcerated at ASP. Plaintiff claims that Defendants were deliberately indifferent toward Plaintiff's victimization.

Plaintiff claims that Michael Verducci (not named as a defendant) taught an ASP Facility 3 yard vocational class. Plaintiff alleges that numerous inmates complained about Verducci's inappropriate conduct. Plaintiff filed multiple complaints about Verducci, but the complaints were screened out or ignored. Plaintiff claims that he was threatened with a transfer to another institution after filing a complaint.

On one occasion, Plaintiff was placed on "A-I-C Status without any form of unit classification committee action and punished for refusing to return to class." (Compl. 4, ECF No.

1.) Plaintiff refused to return to class because he did not want to be abused by Verducci. Plaintiff characterizes the punishment as "illegal" because "all program review and custody review actions are supposed to be processed and inacted[sic] by a unit classification committee, not a senior hearing officer." (Compl. 5, ECF No. 1.) Plaintiff was placed on "A-I-C Status" on December 19, 2008 and was not removed from "A-I-C Status" until June 17, 2009.

At the Unit Classification Hearing on June 17, 2009, Defendant Arline showed Plaintiff a list of vocational trades and asked if any of the trades interested him. Plaintiff indicated that he was interested, but noted that none of the trades were offered at ASP. Arline then informed Plaintiff that he would be transferred to another prison. Plaintiff was asked if there was a problem with this proposed course of action and Plaintiff responded, "You are going to do whatever you want to anyways, but I do not want to be transferred." (Compl. 8, ECF No. 1.) After the meeting, Plaintiff filed a complaint contending that the committee's actions were retaliatory in nature. Plaintiff does not allege that he was actually transferred to another prison.

### III. Discussion

#### A. Eighth Amendment Claims

Plaintiff claims that Defendants violated the Eighth Amendment through their deliberate indifference toward Plaintiff's sexual abuse. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate

indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff's Eighth Amendment claims fail because he has not described the nature of the sexual abuse he suffered from Verducci. Plaintiff also fails to describe how the named defendants in this action are liable for Verducci's actions.

Plaintiff's allegations regarding his sexual abuse are vague and undetailed. Plaintiff does not allege what Verducci said or did to Plaintiff. The only details regarding Verducci's actions are contained in Exhibit F of Plaintiff's complaint, which is an inmate appeal form that appears to have been filed by Plaintiff. In the appeal form, Plaintiff states that Verducci "inappropriat[sic] touched myself and several of his other students." (Compl. Ex. F, at 1, ECF No. 1.) Plaintiff further contends that "M. Verducci has a real problem with 'swatting' his students[sic] behinds, and groping his genitals and making lewd actions, and comments twoard[sic] his students." (Compl. Ex. F, at 3, ECF No. 1.)

Plaintiff's allegations of sexual harassment may be sufficient to support a tort claim filed in state court but they do not rise to the level of a constitutional violation actionable under Section 1983 in federal court. Swatting students' behinds and making lewd comments and gestures are not "sufficiently serious" to support an Eighth Amendment claim. Plaintiff does not allege that he suffered any substantial injury from Verducci's actions and does not allege that Verducci or any other prison official was aware of any risk of substantial injury.

Further, Plaintiff fails to offer any cognizable theory as to how any of the prison officials named as defendants in this action are liable for the injuries caused by Verducci. Plaintiff alleges that S. Garcia was a senior hearing officer and that a senior hearing officer placed Plaintiff on "A-I-C Status" based on a rules violation for refusing to return to class.[1] However, the exhibits attached to

---

[1] Plaintiff does not allege that S. Garcia was the senior hearing officer who placed Plaintiff on "A-I-C Status," but the connection is implied in Plaintiff's complaint.

4

Plaintiff's complaint indicate that Garcia allowed Plaintiff to drop the class and did not otherwise force Plaintiff to interact with Verducci. Plaintiff alleges that his program reviews and custody reviews should have been done by the Unit Classification Committee and not by a senior hearing officer, but it is unclear how such procedural mistakes implicate the Eighth Amendment.

Plaintiff alleges that Defendant Arline asked Plaintiff about vocational trades and asked Plaintiff if a transfer to another prison would be acceptable. Plaintiff stated that he did not want to be transferred. Plaintiff does not allege that he was ever transferred and at the time the complaint was prepared, Plaintiff was still incarcerated at Avenal.[2] It is, therefore, unclear how or why Arline is liable under Section 1983.

Finally, Plaintiff fails to offer any facts or theories regarding the liability of Defendants Schwarzenegger, Cates, or Hartley. "In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Id. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

---

[2] The address written on Plaintiff's complaint, signed on December 22, 2009, is in Avenal, California. Plaintiff's complaint was not filed in this Court until May 19, 2010. Plaintiff's current address, according to the Court's records, appears to be a civilian address in Sacramento, California.

of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to explain how supervisory officials such as Defendants Schwarzenegger, Cates, or Hartley are liable for the injuries described in Plaintiff's complaint. Plaintiff fails to state any cognizable claims for the violation of his rights under the Eighth Amendment.

### B. Retaliation Claim

Plaintiff alleges that Defendant Arline arranged for Plaintiff's transfer to another prison for retaliatory purposes. In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under Section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

As noted previously, it is unclear how Arline took adverse action against Plaintiff. Arline asked Plaintiff if a transfer would be acceptable, Plaintiff stated that he did not want to be transferred, and Plaintiff does not allege that he was transferred. Accordingly, Plaintiff fails to state any cognizable claims for retaliation.

### IV. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave

to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   March 16, 2011**                    /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE